

**U.S. Department of Justice**
Civil Division
950 Pennsylvania Avenue NW
Washington, DC 20530

Tel: 202-514-3388

VIA CM/ECF

April 19, 2024

Molly Dwyer, Clerk of Court
Office of the Clerk
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

    RE:   *Sweet, et al. v. Cardona, et al.*, Nos. 23-15049, -15050, -15051

Dear Ms. Dwyer:

    We write in response to intervenors' recent letter concerning statements made in ongoing district court proceedings related to plaintiffs' motion to enforce the settlement.

    First, although intervenors highlight the Department of Education's statements that providing settlement relief has proven to be more operationally complicated than the Department anticipated, the operational difficulties of effectuating relief are immaterial to this appeal. As the government has explained, the Secretary and the Attorney General had ample statutory authority to provide relief through the settlement. Def. Br. 30-38. Intervenors have never argued (and could not plausibly argue) that the relevant statutory authority turns on, for example, "the number and complexity of consolidation loans" at issue or the "complex operational steps" required to effectuate the promised relief. Ltr. 1-2 (quotation omitted).

    Second, although intervenors suggest that the declaration filed by the Department in district court reflects that the parties have "colluded" to potentially "discharg[e] the full balance of consolidation loans," including loans that are otherwise ineligible for relief under the settlement, Ltr. 2, intervenors are incorrect. Indeed, intervenors fail to mention that, in response to plaintiffs' motion to enforce the settlement, the Department underscored that the settlement does not require it to discharge otherwise ineligible loans; as the Department explained, that relief "would

exceed the scope of the Agreement and would result in the discharge of an estimated several hundred millions of dollars in ineligible debt." D. Ct. Dkt. No. 403, at 16-17.

Finally, and more fundamentally, none of intervenors' late-breaking supplemental citations can rectify the foundational errors with their appeal. As explained, Def. Br. 19-30, intervenors lack both Article III standing and a cause of action to challenge the settlement—much less could they establish any basis for challenging, for example, any provision of relief related to additional consolidation loans where such relief has nothing to do with intervenors. On that basis alone, this Court should dismiss intervenors' appeal (or, alternatively, affirm the district court's judgment).

Sincerely,

/s/ *Sean R. Janda*
Sean R. Janda
Counsel For Defendants-Appellees